IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK FROST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| LUIS RIVERA, Star No. 10, BERNARD ) | |
| FAPSO, Star No. 9504, JOHN BURNS, and ) | JUDGE |
| the CITY OF NORTH CHICAGO, an ) | |
| Illinois municipal corporation ) | |
| ) | MAGISTRATE |
| ) | |
| Defendants, ) | |

## COMPLAINT

NOW COMES Plaintiff, Jack Frost, by and through his attorney, Kevin Rogers, and for his complaint at law states as follows:

### JURISDICTION AND VENUE

1. This action is brought under 42 USC § 1983, jurisdiction arises under 28 USC § 1343(3) and, supplemental jurisdiction of pendent state claims pursuant to 28 USC § 1367. All transactions and occurrences complained of herein occurred in the Northern District of Illinois.

### PARTIES

2. Plaintiff, Jack Frost, was at all times relevant a resident and citizen of the City of McHenry, County of McHenry in the State of Illinois.

3. The Defendant, Luis Rivera, Star No. 10, ("Rivera") is a duly appointed police officer of the City of North Chicago. He was at all times relevant to this complaint acting in the course and scope of his employment as a police officer for the City of North Chicago. He is here sued in his individual capacity.

4. The Defendant, Bernard Fapso, Star No. 9504, ("Fapso") is a duly appointed police officer of the City of North Chicago. He was at all times relevant to this complaint acting in the course and scope of his employment as a police officer for the City of North Chicago. He is here sued in his individual capacity.

5. The Defendant, John Burns, ("Burns") is a duly appointed police officer of the City of North Chicago. He was at all times relevant to this complaint acting in the course and scope of his employment as a police officer for the City of North Chicago. He is here sued in his individual capacity.

6. The Defendant, City of North Chicago, is the employer of the Defendants Rivera, Fapso and Burns and is sued herein on a theory of *respondeat superior* with regard to the Illinois common law claims. At all times relevant to this complaint, Rivera, Fapso and Burns acted under color of the Illinois Compiled Statutes, and, the custom, policies and procedures of the City of North Chicago, the County of Lake and the State of Illinois.

## FACTS

7. On January 5, 2009, at or about 3:00 PM, the Plaintiff was sitting in his disabled and lawfully parked vehicle in an alley at or near 18th Street and Elizabeth in the City of North Chicago, Illinois and at all times relevant acting lawfully and in due care and caution for himself and those around him.

8. At that time, the Defendants Rivera and Fapso who were not in police uniforms drove their police vehicle in the proximity of the Plaintiff's vehicle in the north end of the alley near the above location.

9. Rivera activated his emergency lights, exited his vehicle, drew his weapon and approached the Plaintiff who was sitting in his car.

10. Fapso then ordered the Plaintiff out of his car.

11. Then without provocation or justification, Rivera and Fapso seized Frost, tackled him to the ground and began punching and kicking the Plaintiff.

12. Defendants Fapso and Rivera employed arm controls, pain and pressure holds, prying contacts and continued to strike the Plaintiff.

13. Then, without cause or provocation from Jack Frost, the Defendant Burns appeared and sprayed the Plaintiff in the face with an debilitating and unknown chemical substance.

14. Jack Frost was handcuffed, in the custody and control of the Defendants Rivera, Fapso and Burns and otherwise under arrest.

15. The acts of the individually named Defendants, and each of them, in utilizing holds, employing chemical spray, striking and kicking the Plaintiff caused him serious, permanent and debilitating injury.

16. At no time did the Plaintiff resist the arrest of the Defendants.

17. Thereafter, Jack Frost was taken by fire ambulance to Vista East Hospital in Waukegan, Illinois for treatment for the injuries inflicted upon him by the individually named Defendants.

18. At the time of his arrest, there was no warrant for the arrest of the Plaintiff.

19. At the time of and prior to his arrest, Plaintiff was not driving his vehicle.

20. The Defendants Rivera, Fapso and Burns did not have probable cause or exigent circumstances to believe that the Plaintiff had committed or was about to commit a crime.

21. As a result of the above, Plaintiff, Jack Frost suffered physical injury, great emotional distress, mental anguish and mental suffering.

## COUNT I
### (1983 unlawful arrest - Individually Named Defendants)

22. Plaintiff realleges, restates and reasserts paragraphs 1. - 21. in haec verba.

23. The acts of the individually named Defendants, Rivera, Fapso and Burns and each of them, in arresting the Plaintiff without a valid warrant or probable cause to believe a crime was or had been committed was without justification and unlawful.

24. The acts set out herein above deprived Jack Frost of his right to be free from a warrantless arrest in violation of the Fourth Amendment of the Constitution of the United States and further in violation of 42 USC § 1983.

25. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff, Jack Frost prays this Honorable Court rule as follows:

A. Enter judgment in favor of the Plaintiff Jack Frost and against the Defendants Luis Rivera, Bernard Fapso and John Burns jointly and severally;

B. Award Plaintiff compensatory damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff court costs and attorney's fees pursuant to 42 USC § 1988; and,

E. Award Plaintiff other relief which this Court deems proper and just.

## COUNT II
### (1983 excessive force claim - Individually Named Defendants)

26. Plaintiff realleges, restates and reasserts paragraphs 1. - 25. in haec verba.

27. The acts of the individual Defendants Luis Rivera, Bernard Fapso and John Burns, deprived Jack Frost of his right to be free from illegal seizure and excessive force in violation of the Fourth Amendment of the Constitution of the United States and further in violation of 42 USC § 1983.

28. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff, Jack Frost prays this Honorable Court rule as follows:

A. Enter judgment in favor of the Plaintiff Jack Frost and against the Defendants Luis Rivera, Bernard Fapso and John Burns jointly and severally;

B. Award Plaintiff compensatory damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff court costs and attorney's fees pursuant to 42 USC § 1988; and,

E. Award Plaintiff other relief which this Court deems proper and just.

## COUNT III
### (Common law battery claim - Individually Named Defendants and the City of North Chicago )

29. Plaintiff realleges, restates and reasserts paragraphs 1. - 28. of Count II as if fully set forth herein, in haec verba.

30. The actions of the Defendants Luis Rivera, Bernard Fapso and John Burns in employing pain tactics, striking, kicking and spraying the Plaintiff with an unknown debilitating chemical was without just cause, provocation or legal justification, so done as to intentionally inflict serious and permanent injury upon Jack Frost and constitutes battery under the Illinois common law.

31. The acts of the Defendants Rivera, Fapso and Burns, were done in the course of their employment as police officers for the City of North Chicago.

32. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Jack Frost prays this Honorable Court rule as follows:

A. Enter judgment in favor of the Plaintiff Jack Frost and against the Defendants Luis Rivera, Bernard Fapso and John Burns and the City of North Chicago;

B.    Award Plaintiff compensatory damages against the Defendants Luis Rivera, Bernard Fapso, John Burns and the City of North Chicago;

C.    Award Plaintiff punitive damages against Defendants Luis Rivera, Bernard Fapso and John Burns jointly and severally;

D.    Award Plaintiff other relief which this Court deems proper and just.

### COUNT IV
### (Common false arrest claim - Individually Named Defendants and the City of North Chicago)

33.    Plaintiff realleges, restates and reasserts paragraphs 1. - 32. of Count III as if fully set forth herein, in haec verba.

34.    The actions of the Defendants Luis Rivera, Bernard Fapso and John Burns in arresting the Plaintiff was without a warrant or reasonable belief that a crime had been or was about to be committed and constitutes false arrest under the Illinois common law.

35.    The acts of the Defendants Rivera, Fapso and Burns were done in the course of their employment as police officers for the City of North Chicago.

36.    Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Jack Frost prays this Honorable Court rule as follows:

A.    Enter judgment in favor of the Plaintiff Jack Frost and against the Defendants Luis Rivera, Bernard Fapso, John Burns and the City of North Chicago;

B.    Award Plaintiff compensatory damages against the Defendants Luis Rivera, Bernard Fapso, John Burns and the City of North Chicago;

C.     Award Plaintiff punitive damages against Defendants Luis Rivera, Bernard Fapso and John Burns, jointly and severally;

D.     Award Plaintiff other relief which this Court deems proper and just.

Respectfully submitted:

<u>/s/ Kevin Rogers</u><br>Attorney for the Plaintiff

Kevin Rogers
Attorney at Law
307 N. Michigan Avenue   Suite 305
Chicago, IL  60601
T / F   (312) 332-1188 / (312) 332-0192
email: KevinRogersLaw@gmail.com