# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 47 | **DATE** | 9/8/2010 |
| **CASE TITLE** | Jack Frost vs. Luis Rivera, et al. | | |

## DOCKET ENTRY TEXT

Motion by Defendants to dismiss [14] is denied. The City shall file an Answer to Frost's complaint on or before September 27, 2010. IT IS SO ORDERED.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

The Court takes the following facts from Plaintiff Jack Frost's ("Frost") complaint. On January 5, 2009, at or around 3:00 PM, Frost was sitting in his vehicle. The car was disabled, he alleges, and lawfully parked in an alley. At that point, two plain-clothes Officers drove their vehicle in the north end of the alley and activated their lights. One of the Officers exited the vehicle, drew his weapon and approached Frost's car. The other Officer ordered Frost to exist his vehicle. As Frost got out of his car, the Officers tackled him to the ground and began to punch and kick him. Frost alleges that the Officers used "arm controls, pain and pressure holds, prying contacts and continued to strike [Frost]." Compl. ¶ 12. After that, Frost alleges that another Officer appeared on the scene and sprayed him in the face with an "unknown chemical substance." Id. ¶ 13. The Officers handcuffed him and placed him under arrest. According to Frost, there was no warrant for his arrest and he didn't resist arrest at any point during the incident.

As to his injuries, Frost alleges that in addition to various cuts, scrapes and bruises, he suffered a broken arm and several broken ribs, one of which punctured his lung. He was taken from the scene by ambulance to the Vista East Hospital in Waukegan, Illinois. He received treatment, underwent surgery and, as alleged, suffered emotional distress and mental anguish.

On January 10, 2010 Frost filed a four-count complaint against the City of North Chicago (the "City") and three North Chicago Police Officers, alleging two § 1983 claims for unlawful arrest and excessive force and two common law claims for false arrest and battery. On March 9, 2010 the City filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), in which it contends that Frost's claims are barred either by Heck v. Humphrey, 512 U.S. 477 (1994) or collateral estoppel. In support, the City disclosed for the first time that, after the arrest, the Officers ticketed Frost for driving on a suspended/revoked license and, according to the Information, Lake County prosecutors charged Frost with three counts of resisting arrest. The City maintains that Frost was convicted of all of these charges, though the disposition of Frost's case remains unclear.

In response to the motion to dismiss, Frost submitted a personal affidavit and a Conditional Discharge/Supervised Release form ("Release") that the Lake County Circuit Court issued on March 11, 2010. Frost testified that after his bench trial, which took place on December 18, 2009, he was found not guilty of driving on a revoked/suspended license and not guilty of two counts of resisting arrest. He admits that he was found guilty of only one count of resisting arrest, and the Release substantiates his testimony.

The question, then, is whether the record supports the City's contention. The Court finds that it does not.

Initially the Court agrees with Frost that the City's motion to dismiss shall be converted to one for summary judgment, as the City attached to its motion extrinsic evidence to which Frost does not refer in his complaint. See FED. R. CIV. P. 12(d); Marques v. Fed. Reserve Bank of Chi., 286 F.3d 1014, 1017 (7th Cir. 2002) (noting the court's discretion to convert motions to dismiss to motions for summary judgment where it considers extrinsic evidence). Summary judgment is appropriate when the evidence to date shows that there "is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Again, the City's primary argument is that the Heck doctrine bars Frost's claims. It is well-established that when a plaintiff makes allegations in a complaint that are inconsistent with the validity of the plaintiff's criminal conviction, "Heck kicks in and bars his civil suit." Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003). The purpose of this doctrine is to discourage plaintiffs from bringing claims that, in essence, constitute an impermissible collateral attack on a criminal conviction. Heck, 512 U.S. at 486-87. But the doctrine is not unyielding. It won't apply, in fact, in cases where a claim can survive despite a valid conviction. See Wallace v. Kato, 549 U.S. 384, 394 (2007); Booker v. Ward, 94 F.3d 1052, 1056 (7th Cir. 1996). And its application is further called into doubt if a question exists as to whether a conviction even occurred, or whether the underlying claims necessarily imply that the conviction was improper.

In this case, the Court has on one hand the Officers' version of the events, while on the other it has Frost's completely different version. More importantly, Frost's version has gone unchallenged, as the docket reflects that the City has failed to file a reply brief in support of its motion. The Court has seen this type of discrepancy before. In Payne v. Pauley, 337 F.3d 767 (7th Cir. 2003), when considering a motion for summary judgment in an excessive force case, the Seventh Circuit described the police officer's version of the underlying events in a footnote, concluding that the reviewing court must give a plaintiff the benefit of the doubt, no matter how logical the officer's testimony appears. Id. at 775 n.3. Likewise, the record here is split as to what actually happened on the date of the incident. There is no dispute that Frost was taken to the hospital and suffered myriad injuries, including five broken ribs and a punctured lung. There is also no dispute that Frost appeared in the Lake County Circuit Court on a variety of charges. But the evidence that Frost submitted indicates that he was not convicted of three of those charges, as the City would have us believe. What is more, the documents that the City submitted in support of summary judgment do not clarify the underlying incident, nor do they clarify what happened in the Lake County Circuit Court. They simply show what charges Frost was accused of; they don't show what he was convicted of. As it turns out, this is not a situation in which the Heck doctrine applies. The motion is therefore denied in that regard.

The City next argues that Frost's battery claim is barred pursuant to collateral estoppel, relying on the principle that "a criminal conviction collaterally estops a defendant from contesting in a subsequent legal proceeding the facts established and the issues decided in the criminal proceeding." Talarico v. Dunlap, 685 N.E.2d 328-29 (Ill. 1997). But, as the Court made clear above, the record is sparse as to what facts were established and what issues were decided in the underlying criminal proceedings. No transcript of the bench trial has been submitted. Even if Frost resisted arrest, in one way or another, this does not automatically justify the amount of force that the Officers allegedly used. At this point it is unclear whether the Officers acted excessively before the arrest, during the arrest or after the arrest. The timing of the force used is not clear, nor is the sequence of the injuries shown in the pleadings. Collateral estoppel does not apply in such cases. Accordingly, the City's motion is denied.

IT IS SO ORDERED.